UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MELVIN LAMAR PERKINS                                             PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:17CV171-RHW

VAN ARNOLD et al                                           DEFENDANTS

**MEMORANDUM OPINION & ORDER**

Plaintiff Melvin Lamar Perkins, proceeding *pro se* and *in forma pauperis*, filed on June 7, 2017, a 42 U.S.C. § 1983 prisoner civil rights lawsuit alleging unconstitutional conditions of confinement at the South Mississippi Correctional Institution. In an order dated September 21, 2018, the Court identified the following claims alleged in Plaintiff's complaint, as amended:

(1) Defendant Van Arnold failed to protect Plaintiff from violence at the hands of other inmates based on an attack that occurred on or about December 26, 2016.

(2) Defendant Mark Davis failed to protect Plaintiff because he made him stay in C-1 even though Plaintiff told Davis his life was in danger.

(3) Defendant Whittaker forced Plaintiff to go back on the zone, which cost Plaintiff $100 to save his life.

(4) Defendant Regina Reed ordered other inmates to attack Plaintiff.

(5) Defendants Jacequelyn Banks, Katherine Blount, and Pelicia Hall failed to provide adequate supervision of prison staff to prevent gang-related activity and abuse of non-gang affiliated inmates.

(6) Defendant Ronnie Lampley used excessive force against Plaintiff on August 20, 2015.

(7) SMCI is understaffed, which allows gang affiliated inmates to control SMCI prison staff and to run an extortion and contraband operation. Plaintiff requests the implementation of various remedies to alleviate the risk of harm to non-gang affiliated inmates, including separation of gang-affiliated inmates from non-gang affiliated inmates, installation of security cameras, and increase in the number of security officers.

(8) Plaintiff requests that he be taken to a brain specialist for treatment of head injuries suffered as a result of inmate attacks.

Doc. [149] at 1-2. Pending before the Court is Defendants motion for summary judgment asserting that Plaintiff failed to fully exhaust administrative remedies for any of these claims prior to filing his complaint. Doc. [151]. Plaintiff has not filed a response in opposition to Defendants' motion for summary judgment. Instead, he filed a series of motions, none of which addresses the exhaustion issue. *See* Doc. [153] [154] [155] [156].

## Law and Analysis

**Summary Judgment Standard**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the

parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Exhaustion of Administrative Remedies**

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to

3

properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

In support of their motion, Defendants attached a declaration from Richard Pennington, Director of the Administrative Remedy Program for the Mississippi Department of Corrections. Doc. [151-1] at 1. In addition, Defendants included a record of all grievances submitted by Plaintiff from March 2014 through October 9, 2017, as well as copies of relevant grievances. With respect to his failure-to-protect claim, Plaintiff submitted a grievance in August 2017 alleging he was attacked by other inmates on December 26, 2016. Doc. [151-5]. However, Plaintiff did not initiate the grievance process regarding this claim until two months after he filed his lawsuit. Accordingly, he failed to exhaust administrative remedies prior to bringing suit. *See Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998) (holding that "administrative remedies be exhausted *before* the filing of a § 1983 suit, rather than while the action is pending."); *Evans v. Grubbs*, 2011 WL 2565298, at *2 (S.D.Miss. June 28, 2011).

Plaintiff also filed a grievance alleging that on August 25, 2015, Defendant Ronnie Lampley used excessive force against him. Doc. [151-1] at 5. The ARP department accepted

4

the grievance on October 15, 2015 and delivered a First Step Response to Plaintiff on January 25, 2016. [151-2]. Plaintiff did not file a second step appeal; therefore, he failed to pursue the grievance process to conclusion. *Id.* at 9. An inmate "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one ARP". *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). Accordingly, Plaintiff failed to fully exhaust administrative remedies with respect to his excessive force claim.

As demonstrated by Pennington's declaration and the ARP exhibits provided by Defendants, Plaintiff failed to file any grievances with respect to his other claims. Although he did submit a grievance regarding medical care, he did not mention complaints of a head injury or need for treatment by a brain specialist. *See* Doc. [151-3]. Rather, he complained about not being provided prescribed medications. Accordingly, all of Plaintiff's remaining claims must be dismissed for failure to exhaust administrative remedies.

**Plaintiff's Motions**

Plaintiff filed a series of motions after Defendants filed their motion for summary judgment. On February 22, 2019, he filed a motion requesting an update on the status of his case and asking when his case will be set for trial. Doc. [153]. The present order on summary judgment satisfies Plaintiff's request for an update; therefore, the motion is found to be moot. Plaintiff filed three additional motions to advise the Court about other individuals who were present when Defendant Lampley allegedly used excessive force or who otherwise participated in the incident. Doc. [154] [155] [156]. In the latest filed motion, he requests a hearing to present new evidence about his excessive force claim against Defendant Lampley. As explained above, Plaintiff failed to fully exhaust administrative remedies for this excessive force claim; therefore, the motion to present additional facts or to add parties is moot.

5

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [151] Motion for Summary Judgment is GRANTED and that Plaintiff's lawsuit is dismissed without prejudice as to all claims and all Defendants based on Plaintiff's failure to exhaust administrative remedies.

IT IS FURTHER ORDERED that Plaintiff's [153] [154] [155] [156] Motions are found to be MOOT.

SO ORDERED AND ADJUDGED, this the 15th day of April 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE